IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CATERPILLAR FINANCIAL                                          PLAINTIFF
SERVICES CORPORATION

v.                                              Civil No. 1:24-cv-228-HSO-RPM

KNOWLES CONSTRUCTION, INC.                                     DEFENDANT

**ORDER GRANTING PLAINTIFF CATERPILLAR FINANCIAL SERVICES
CORPORATION'S MOTION [32] FOR DEFAULT JUDGMENT**

Plaintiff Caterpillar Financial Services Corporation's Motion [32] seeks

default judgment against Defendant Knowles Construction, Inc., which has failed to

plead or otherwise defend against the Complaint [1] despite receiving proper notice

of this lawsuit.  Having reviewed the record and relevant law, the Court finds that

the Motion [32] should be granted and that Plaintiff Caterpillar Financial Services

Corporation is entitled to a default judgment against Defendant Knowles

Construction, Inc., in the total amount of $206,911.97.

I. BACKGROUND

On January 2, 2019, Defendant Knowles Construction, Inc. ("Defendant"),

entered into a Lease Agreement [1-1] with Plaintiff Caterpillar Financial Services

Corporation ("Plaintiff") to rent a Caterpillar D6K2LGP Track Type Tractor ("the

Tractor") at the cost of $2,250.24 a month.  Compl. [1] at 2.  But Defendant failed to

make timely payments, and failed to return the Tractor when it breached the

contract, as required by the Lease Agreement [1-1].  *Id.*  Plaintiff filed the

Complaint [1] on July 25, 2024, bringing a replevin claim (Count I) and a breach-of-contract claim (Count II).  *See id.* at 3-4.  The Complaint [1] sought an order compelling Defendant to surrender the Tractor, and awarding Plaintiff damages in the amount of $158,964.37 plus interest, attorneys' fees, costs, and expenses.  *Id.*

James Allen Knowles, Jr. ("James Knowles"), who is not a licensed attorney, attempted to respond to the Complaint [1] on behalf of Defendant.  *See* Order [7].  In response to his attempted filing, the Magistrate Judge entered an Order [7] on August 14, 2024, informing Defendant that a corporation may not proceed pro se and directing it to obtain counsel.  *See id.*  Over the following months, the Magistrate Judge entered four more orders repeating this direction and providing Defendant with additional time to obtain an attorney.  *See* Orders [10], [13], [19], [20].  Ultimately, the Magistrate Judge set a hearing for April 21, 2025, for Defendant to show cause why it had not retained counsel.  Order [20] at 1-2.  Defendant did not appear at the hearing, *see* Minute Entry, April 21, 2025, and the Court accordingly struck every document filed by James Knowles on behalf of Defendant because he is not a licensed attorney, *see* Text Only Order, April 28, 2025.

Since Defendant had not responded to the Complaint [1], Plaintiff filed a Motion [30] for Entry of Default, *see* Mot. [30], which the Clerk of Court entered, *see* Entry of Default [31].  Plaintiff then filed the present Motion [32] for Default Judgment.  *See* Mot. [32].  The Motion [32] seeks $195,384.28 in damages, including the $158,964.37 owed at the time the Complaint [1] was filed and any per diem and

fees that have accrued since then.  *Id.* at 5.  The Motion [32] also seeks $11,527.69 in attorneys' fees and expenses, and a judgment compelling Defendant to return the Tractor to Plaintiff.  *Id.* at 6.  Plaintiff has filed an Affidavit [33] to support its request for attorneys' fees and expenses.  *See* Aff. [33].

## II.  DISCUSSION

### A.  Subject-Matter and Personal Jurisdiction

A district court has federal diversity jurisdiction where the parties are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  The Complaint [1] alleges that Plaintiff is a citizen of Delaware and Tennessee, and Defendant is a citizen of Mississippi, *see* Compl. [1] at 1, and it seeks $154,463.89 in damages, which exceeds $75,000.00, *see id.* at 2.  Therefore, the Court possesses subject-matter jurisdiction.  *See id.* at 1-2; 28 U.S.C. § 1332(a).

A plaintiff bears the burden of making a prima facie case of personal jurisdiction over a defendant when no evidentiary hearing is conducted.  *Conn Appliances, Inc. v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019).  Serving a summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the court is located or when authorized by federal statute.  *See* Fed. R. Civ. P. 4(k)(1).  Because Defendant maintains its principal place of business in Mississippi, *see* Compl. [1] at 1 ("This Court has jurisdiction over Defendant because its principal place of business is in Mississippi . . ."), it is subject to this Court's personal jurisdiction, *see Goodyear*

*Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (noting that place of incorporation and principal place of business are "paradigm" bases for the exercise of general jurisdiction over a corporation).

B.    <u>Relevant Legal Authority</u>

Federal Rule of Civil Procedure 55(b)(2) permits a district court to enter a default judgment against a party where the clerk has entered the party's default based upon a failure to plead or otherwise defend the action. *See* Fed. R. Civ. P. 55(b)(2). "The role of a district court in adjudicating a motion for default judgment is limited." *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). By defaulting, a defendant admits a plaintiff's well-pleaded allegations of fact in the complaint, and a court accepts the facts asserted in the complaint as true and determines whether the plaintiff has stated a claim upon which relief can be granted. *Id.* at 492-93.

Consistent with Federal Rule of Civil Procedure 8(a)(2), "a default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quotation omitted). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quotation omitted).

If a default judgment is proper, a court must determine damages. *Escalante*, 34 F.4th at 492. "As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing."[1] *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). But that rule "is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* Here, Plaintiff seeks liquidated damages arising out of a breach of contract which are capable of mathematical calculation, so a hearing is not required. *See id.*

C.    Analysis

1.    Whether Defendant is in Default

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Complaint [1] in this case was filed on July 25, 2024. *See* Compl. [1] at 4. According to the Proof of Service [4], the Complaint [1] was served on Defendant through Dustin Allen Knowles, Defendant's registered agent, on July 27, 2024. *See* Proof of Service [4] at 2. The record shows that Defendant has not entered a proper appearance since that time.

---

[1] "Unliquidated damages are 'damages that have been established by a verdict or award but cannot be determined by a fixed formula, so they are left to the discretion of the judge or jury.'" *Cascade Cap. Grp., L.L.C. v. Landrum*, 846 F. App'x 253, 255 (5th Cir. 2021) (quoting *Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So. 2d 953, 959-60 (Miss. 2002)). "In contrast, liquidated damages are 'set or determined by a contract when a breach occurs.'" *Id.* (quoting *Moeller*, 812 So. 2d at 959).

James Knowles has attempted to appear pro se and file an answer and other documents on behalf of Defendant. However, the Court struck those documents, *see* Text Only Order, April 28, 2025, because it is a well-settled rule in the Fifth Circuit that a corporation must be represented by a licensed attorney in order to appear in federal court, *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). Consequently, Defendant has not timely answered the Complaint [1], such that the Clerk of Court properly entered its default. *See* Entry of Default [32].

2.  Plaintiff's Claims

The Complaint [1] raises claims for breach of contract and replevin. *See* Compl. [1] at 3-4. "A breach-of-contract case has two elements: (1) the existence of a valid and binding contract, and (2) a showing that the defendant has broken, or breached it." *Maness v. K & A Enters. of Mississippi, LLC*, 250 So. 3d 402, 414 (Miss. 2018) (quotations omitted). "[T]he elements of a valid contract are (1) two or more contracting parties; (2) consideration; (3) an agreement that is sufficiently definite; (4) parties with the legal capacity to make a contract; (5) mutual assent; and (6) no legal prohibition precluding contract formation." *Rogers v. Casey & Co. LLC*, 293 So. 3d 857, 863 (Miss. Ct. App. 2019) (quotations omitted).

On contract formation, the Complaint [1] asserts that the parties entered into the Lease Agreement [1-1], under which Defendant would receive the Tractor in exchange for making timely payments to Plaintiff. Compl. [1] at 2. Plaintiff attached a copy of the Lease Agreement [1-1] to the Complaint [1], which is sufficiently definite and contains signatures evidencing the parties' mutual assent.

*See generally* Lease Agreement [1-1].  There is no indication from the Complaint [1] or the record that the parties lacked capacity to contract or that any legal prohibition on the Lease Agreement [1-1] exists.  *See generally id.*; Compl. [1].  And so, the Complaint [1] adequately alleges the elements of contract formation, and that a contract was formed.

Turning to breach, the Complaint [1] asserts that Defendant "failed to make timely payments for the [Tractor] as required by the terms of the Contract, and it has also failed to return the [Tractor] as it was required to do in the event of a default."  Compl. [1] at 2.  The Lease Agreement [1-1] plainly states that failure to make a payment is an event of default, Lease Agreement [1-1] at 3, and thus, the Complaint [1] sufficiently alleges that Defendant has breached the Lease Agreement [1-1], *see* Compl. [1] at 2.  The Lease Agreement [1-1] also states that Defendant must return the Tractor to Plaintiff in the event of default, which it has not done.  *See id.*; Lease Agreement [1-1] at 3-4.  Because the Court finds that Plaintiff has satisfied the elements of a breach-of-contract claim, it need not address the replevin claim, and Plaintiff's request for default judgment should be granted.

3.    Relief Requested

a.    Actual Damages

This case involves liquidated damages, which are those that "are set or determined by a contract when a breach occurs."  *Woodkrest Custom Homes Inc. v. Cooper*, 24 So. 3d 340, 347 (Miss. Ct. App. 2009).  Under Mississippi law, "[e]quity will enforce a contract for liquidated damages if such liquidated damages can be

found to be reasonable and proper in the light of the circumstances of the case."
*Hovas Const., Inc. v. Bd. of Trustees of W. Line Consol. Sch. Dist.*, 111 So. 3d 663,
666 (Miss. Ct. App. 2012) (quoting *Maxey v. Glindmeyer*, 379 So. 2d 297, 301 (Miss.
1980)). "An agreement for liquidated damages will be held valid in the absence of
any evidence to show that the amount of damages claimed is unjust or oppressive,
or that the amount claimed is disproportionate to the damages that would result
from the breach or breaches of the several covenants of agreement." *Id.* (alterations
in original) (quoting *Wood Naval Stores Export Ass'n v. Latimer*, 71 So.2d 425, 431
(1954)).

Plaintiff's Motion [32] for Default Judgment seeks $195,384.28 in liquidated
damages, which "is calculated based on the amount owed at the time the Complaint
was filed, including the per diem and fees currently due and owing." Mot. [32] at 5.
The Lease Agreement states that

> (b) [i]f an Event of Default occurs, and . . . (ii) [Defendant] fail[s] to
> return a Unit in the manner and condition required by this Lease, or we
> recover and sell the Unit, you will pay to us on demand an amount
> calculated as the Casualty Loss Value of the Unit (determined as of the
> next Monthly Rent payment date after the date of the Event of Default),
> together with all costs and expenses (as defined below), *less* a credit for
> any disposition proceeds, if applicable pursuant to the application
> provisions in the next sentence. If we demand the Liquidated Damages
> under this part (ii) and recover and sell the Unit, we will apply any
> proceeds received in good and indefeasible funds: <u>first</u>, to pay all costs
> and expenses not already paid; <u>second</u>, to pay us an amount equal to any
> unpaid Rent due and payable, together with the Liquidated Damage
> amounts specified in this part (ii), to the extent not previously paid;
> <u>third</u>, to pay us any interest accruing on the amounts covered by the
> preceding clauses, plus late charges, from and after the date the same

8

becomes due, through the date of payment; <u>fourth</u>, to pay us an amount
equal to any remaining obligations that you owe us under this Lease.

Lease Agreement [1-1] at 3-4 (emphasis in original).  To support its claim, Plaintiff

has submitted the detailed Affidavit [34] of Alyssa Sotiros, who is a customer

account representative for Defendant, which explains how Plaintiff calculated the

$195,384.28 owed under the terms of the Lease Agreement [1-1].  *See* Aff. [34].  The

Affidavit [34] provides that (1) the Casualty Loss Value is $97,460.00, (2) the

unpaid rentals are $40,928.48, (3) the asset recovery and transportation is $750.00,

(4) the property taxes are $3,311.37, (5) the sales tax is $9,687.19, (6) the insurance

fee on the Tractor is $40,928.48, and (7) Defendant has accrued $2,318.76 in late

fees.  Aff. [34] at 3; *see also* Ex. [34-1] at 1.  The sum of these fees and expenses is

$195,384.28, and thus, based on the evidence in the record, Plaintiff has sufficiently

established it is owed $195,384.28 under the terms of the Lease Agreement [1-1].

*See* Aff. [34] at 3.

The question turns to whether $195,384.28 is reasonable in light of the

circumstances.  *Hovas Const., Inc.*, 111 So. 3d at 666.  Here, no evidence has been

presented by Defendant that the liquidated damages provision is unjust, oppressive,

or disproportionate.  As such, the Court finds that the liquidated damages sought by

Plaintiff are reasonable, and that it should be awarded $195,384.28 in contract

damages.  *See id.*

b.    <u>Specific Performance</u>

"As for the relief sought in a complaint, Federal Rule of Civil Procedure

8(a)(3) provides that '[a] pleading that states a claim for relief must contain . . . a

demand for the relief sought, which may include relief in the alternative or different types of relief.'" *Plaza Home Mortg., Inc. v. Innovated Holdings, Inc.*, No. 2:21-CV-38, 2023 WL 3145317, at *3 (S.D. Miss. Apr. 3, 2023) (quoting Fed. R. Civ. P. 8(a)(3)).  Plaintiff requests that the Court enter an order compelling Defendant to comply with the Lease Agreement [1-1] and return the Tractor to Plaintiff, or otherwise make it available to Plaintiff, within seven business days.  Mot. [32] at 6; Compl. [1] at 4.

Whether to enter an order requiring specific performance of the terms of a contract is within the Court's discretion.  *Polk Prods. Inc. v. Dowe*, 331 So. 3d 1124, 1130 (Miss. Ct. App. 2021) ("Traditionally, specific performance has been regarded a remedy for breach of contract that is not a matter of right but of sound judicial discretion." (quotations omitted)).  "However, even with judicial discretion, where a contracting party can feasibly be given what he bargained for, specific performance is the preferred remedy."  *Id.*  (quotations omitted).  Here, the Lease Agreement [1-1] specifically provides that Defendant must return the Tractor to Plaintiff should it default on its obligations.  *See* Lease Agreement [1-1] at 3-4.  As the Court has already discussed, Defendant breached the Lease Agreement [1-1] by failing to make timely payments.

Therefore, the Court will order Defendant to return the Tractor, or otherwise allow Plaintiff to repossess it, within seven business days.  Plaintiff has agreed to provide Defendant with a credit on any monetary judgment for any proceeds from the sale of the Tractor, as required by the Lease Agreement [1-1].  *See* Mot. [32] at 6

("After said [the Tractor] is returned to [Defendant], it will attempt to sell the [Tractor] in a commercially reasonable fashion, and once said sale is completed, it will provide Defendant with a credit on any judgment.").

c.    <u>Attorneys' Fees</u>

Plaintiff requests both pre- and post-judgment attorneys' fees.  Mot. [32] at 6 ("[Plaintiff] respectfully requests leave to update . . . the attorney's fees it continues to incur.").  Under the terms of the Lease Agreement [1-1], Defendant is obligated to pay the reasonable attorneys' fees and costs Plaintiff incurs to enforce it.  *See* Lease Agreement at [1-1] at 3-4.  And under Mississippi law, a contractual provision for attorneys' fees is enforceable if the terms are clear and unambiguous.  *Upchurch Plumbing, Inc. v. Greenwood Utilities Comm'n*, 964 So. 2d 1100, 1113 (Miss. 2007); *Trilogy Commc'ns, Inc. v. Thomas Truck Lease, Inc.*, 790 So. 2d 881, 888 (Miss. Ct. App. 2001).

The Lease Agreement [1-1] states that Plaintiff "agree[s] to be responsible for all costs and expenses, including reasonable attorneys' fees, incurred by us or our directors, officers, employees, agents, or assigns in defending such claims or in enforcing this section."  Lease Agreement [1-1] at 3 ("Claims include any of the foregoing arising from: (i) a Lease Document . . . ."); *see also id.* ("'Claims' means all . . . charges that we incur or for which we are or may be responsible, in the nature of interest, liens, and costs (including attorneys' fees . . . of any claim . . . enforcing the rights, remedies, or indemnities provided for hereunder, or otherwise available at

law or in equity to us) . . . .").  Thus, the clear language of the Lease Agreement [1-1] entitles Plaintiff to attorneys' fees.

"An award of attorneys' fees must be supported by credible evidence."  *United Servs. Auto. Ass'n v. Est. of Sylvia F.*, No. 2023-CA-00049-SCT, 2024 WL 4985302, at *12 (Miss. Dec. 5, 2024).  Plaintiff has submitted an Affidavit [33] to support its request for attorneys' fees.  *See* Aff [33].  In that Affidavit [33], its counsel avers that legal services have been provided at rates of $420.80 an hour, $301.75 an hour, and $263.50 an hour depending on which attorney or paralegal worked on the case. *Id.*  Plaintiff's counsel performed thirty-six hours of legal services in this case, resulting in fees and expenses amounting to $11,527.69.  *Id.*  Other Courts in this District have awarded attorneys' fees based on similar evidence, and the Court sees no reason to differ from those holdings here.  *See Pimax Mgmt., LLC v. Floyd,* No. 1:22-CV-321-TBM-RPM, 2023 WL 3836073, at *2 (S.D. Miss. May 4, 2023); *Caterpillar Fin. Servs. Corp. v. Holifield*, No. 2:18-CV-143-KS-MTP, 2019 WL 13233659, at *1 (S.D. Miss. Jan. 4, 2019); *Caterpillar Fin. Servs. Corp. v. Mitchell*, No. 2:16-CV-199-KS-MTP, 2017 WL 7693392, at *2 (S.D. Miss. Nov. 2, 2017).

To determine whether a requested fee is appropriate under Mississippi law, the most useful starting point is to multiply the number of hours reasonably expended in the litigation by a reasonable hourly rate.  *Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 521-22 (Miss. 2007) (citing *BellSouth Pers. Commc'ns, LLC v. Bd. of Sup'rs of Hinds Cnty.*, 912 So. 2d 436, 446-47 (Miss. 2005), *as modified on denial of reh'g* (Oct. 27, 2005)).  Plaintiff has done so here.  *See* Aff.

12

[33].  The Court then looks to the relevant factors under the Mississippi Rules of Professional Conduct[2] and *Mckee v. Mckee*, 418 So. 2d 747 (Miss. 1982)[3] to determine reasonableness.  *Id.* at 522.  The Court, having reviewed the Affidavit [33] in light of these factors, finds that the time and labor expended by Plaintiff's counsel, in relation to the difficulty of the issues presented, were reasonable, and that the hourly rates and fees charged by Plaintiff's counsel are typical for attorneys and paralegals of similar experience in Mississippi.  *See generally* Aff. [33].  Therefore, the Court finds that the award of attorneys' fees sought by Plaintiff is reasonable, and it is entitled to $11,527.69 in fees.[4]

---

[2] The Mississippi Rules of Professional Conduct set forth factors to be considered in determining the reasonableness of a fee, which include (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the location for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent. Miss. R. Prof'l Conduct 1.5(a).

[3] The *Mckee* factors are:

> the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.

*McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982).

[4] To the extent Plaintiff seeks post-judgment attorneys' fees, such a request must be made within fourteen days of the entry of default judgment.  *See* Fed. R. Civ. P. 54(d)(2).  While it is within the Court's discretion to expand the Rule 54(d)(2) fourteen-day deadline, *Tate v. Colvin*, No. 3:13CV904-DPJ-FKB, 2016 WL 744474, at *3 (S.D. Miss. Feb. 23, 2016), the Court will not make any exceptions to this deadline absent extraordinary circumstances.  Therefore, the Court is not inclined to entertain any motion for attorneys' fees filed more than fourteen days after the entry of judgment.

III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Caterpillar Financial Services Corporation's Motion [32] for Default Judgment is **GRANTED**, and Plaintiff is awarded damages against Defendant Knowles Construction, Inc., in the amount of $195,384.28, and attorneys' fees in the amount of $11,527.69, for a total award of $206,911.97.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Knowles Construction, Inc., is to return to Plaintiff Caterpillar Financial Services Corporation, or otherwise allow Plaintiff to repossess, the Caterpillar D6K2LGP Track Type Tractor described in the Lease Agreement [1-1] within seven (7) business days of entry of this Order.

**SO ORDERED AND ADJUDGED**, this the 10th day of June, 2025.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

14